IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| NTN Corporation and NTN Bearing Corporation of America,<br><br>Plaintiffs,<br><br>v.<br><br>Steve Thomas, Individually and America Europa, Inc. and America Europa II, Inc. d/b/a AE Inc.,<br><br>Defendants. | Civil Action No.: 3:13-cv-461 |

## CONSENT JUDGMENT

THIS MATTER having come before the Court on the pleadings, and the Plaintiffs and Defendants having agreed upon a basis for settlement of the matters in dispute and having agreed upon the entry of a Consent Judgment, it is hereby ORDERED, ADJUDGED and DECREED as follows, and based on the evidence of record the Court makes the following findings of fact and conclusions of law:

1. Plaintiff NTN Corporation is a Japanese corporation with its principal place of business in Osaka, Japan.

2. Plaintiff NTN Bearing Corporation of America is a New York corporation with its principal place of business in Mt. Prospect, Illinois. (Plaintiffs are sometimes referred to collectively as NTN).

3. Defendant Steve Thomas is a resident of Charlotte, North Carolina. Defendant Thomas resides at 630 Woodlark Lane, Charlotte, North Carolina, 28211.

4.      Defendants America Europa, Inc. and America Europa I, Inc., d/b/a AE Inc., are incorporated in the State of North Carolina. Defendants America Europa, Inc. and America Europa II, Inc. have places of business at 630 Woodlark Lane, Charlotte, North Carolina, 28211. (Defendants Steve Thomas, America Europa, Inc. and America Europa II, Inc. are referred to collectively herein as "Defendants").

5.      This Court has subject matter jurisdiction over NTN's federal claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§1331, 1338.

6.      This Court has jurisdiction over NTN's related state and common law claims under 28 U.S.C. §§ 1331, 1338(a) and (b), and 15 U.S.C. §1121, as an action for violation of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*; 28 U.S.C. § 1332(a)(1), as an action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs; and 28 U.S.C. § 1367(a), pursuant to the principles of supplemental jurisdiction.

7.      Venue is proper in this judicial district under 28 U.S.C. § 1391 because the claims arose in this judicial district, a substantial part of the events giving rise to the claims occurred in this judicial district, and Defendants reside in this judicial district.

8.      This Court has personal jurisdiction over Defendants because they reside in the State of North Carolina and because Defendant America Europa, Inc. has a principal place of business in, and conduct business within, the State of North Carolina.

9.      NTN is one of the world's leading manufacturers of ball and roller bearings (collectively the "NTN Bearings"). By way of example, NTN Bearings are included in 82% of the cars produced in the United States.

2

10. NTN Bearings are utilized in a variety of heavy commercial equipment and other industrial machinery. The use of the counterfeit NTN Bearings could have devastating consequences, causing potential damage to people and equipment.

11. NTN Corporation is the owner of several federal trademark registrations for marks that incorporate NTN (the "NTN Marks") including the following:

| Mark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| NTN | 709,011 | December 27, 1960 | Ball and roller bearings |
| NTN BEARFITE | 1,437,740 | April 28, 1987 | Bearings |
| NTN | 3,606,166 | April 14, 2009 | Class 7: Ball bearings for ships and planes, roller bearings for ships and planes, ball bearings other than for land vehicles, namely, for machines, roller bearings other than for land vehicles, namely, for machines, universal joints other than for land vehicles, namely, for machines, pulleys other than for land vehicles, namely, being parts of machines, clutches other than for land vehicles, namely, for machines, shaft couplings other than for land vehicles, vibration conveyors of a resonance type<br><br>Class 12: Ball bearings for use with land vehicles, roller bearings for use with land vehicles, automatic tensioners for use with land vehicles, namely, devices that constantly maintain proper tension of timing belts, timing chains and accessory drive belts, universal joints for use with land vehicles, propeller shafts for use with land vehicles, shaft couplings for use with land vehicles, ball screws for use with land vehicles, pulleys for use with land vehicles, clutches for use with land vehicles |

12. NTN and/or its predecessor in interest has consistently and prominently used, advertised, and promoted the NTN Marks in commerce throughout the United States on and in connection with the NTN Bearings since at least 1960.

13. Pursuant to Section 7(b) of the Lanham Act, 15 U.S.C. § 1057(b), NTN Corporation's federal registration certificates are prima facie evidence of the validity of the NTN Marks as well as NTN Corporation's ownership and exclusive right to use the NTN Marks in commerce in connection with the identified goods. NTN Corporation's right to use the marks covered by Reg. Nos. 709,011 and 1,437,740 in commerce is incontestable pursuant to 15 U.S.C. § 1065.

14. NTN Bearing Corporation of America is a subsidiary of NTN Corporation.

15. NTN Bearing Corporation of America is a licensee of NTN Corporation and has the unrestricted right to use and the unrestricted right to enforce the NTN Marks in the United States.

16. NTN carefully supervises, monitors, and controls the quality of all NTN Bearings displaying the NTN Marks sold in the United States to ensure that the products are of a consistently high quality.

17. As a result of NTN's long-term, extensive and widespread use and advertising of the NTN Marks, the NTN Marks are distinctive and are assets of incalculable value as symbols of NTN and its goods.

18. As a result of NTN's long-term, extensive and widespread use and advertising of the NTN Marks, the NTN Marks are famous and are assets of incalculable value as symbols of NTN and its goods.

19. NTN has filed copies of the certificate of registration of the NTN mark, Reg. No. 709,011, with the Secretary of the Treasury and the U.S. Bureau of Customs and Border Protection ("U.S. Customs") in accordance with Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a), and Section 42 of the Lanham Act, 15 U.S.C. § 1124. Once filed with U.S. Customs, the NTN mark is recorded with U.S. Customs under Recordation No. TMK 09-00514.

20. Defendants knowingly and purposely engaged in and/or otherwise involved in facilitating the ongoing commercial importation of counterfeit bearings into the United States, have attempted to sell counterfeit NTN Bearings in interstate commerce, and have sold and distributed counterfeit NTN Bearings in interstate commerce.

21. The specific counterfeit NTN Bearings at issue in this case are used in commercial motors.

22. Defendants offered for sale counterfeit NTN Bearings to an NTN authorized distributor, Bearing & Drive Systems, Inc. ("BDS"). BDS is located in Strongsville, Ohio.

23. BDS purchased from Defendants counterfeit NTN bearings on March 22, 2013.

24. On July 31, 2013, NTN confirmed that the bearings offered for sale by Defendants, and sold by Defendants, are counterfeit due to material differences in the bearings and related product packaging. Defendants also attempted to sell additional substantial quantities of counterfeit bearings to other third parties.

25. The counterfeit bearings imported into the United States by Defendants were not manufactured, authorized, or sponsored by NTN. As a result of Defendants' actions, NTN lost sales of genuine products, suffered a loss of the goodwill created in its NTN

bearings, and continues to suffer such losses. The counterfeit NTN Bearings being sold by Defendants contain the NTN Marks.

26. Defendants have attempted to solicit additional business from BDS, and have offered to sell BDS additional counterfeit bearings. In doing so, the Defendants have indicated that they have certain "connections" to NTN, which permit the Defendants to receive favorable pricing for NTN products. These claims by the Defendants are untrue.

27. Defendants intentionally and willfully used the NTN Marks, with the knowledge that the bearings are counterfeit, in connection with the sale, offering for sale, or distribution of counterfeit bearings.

28. The counterfeit NTN Bearings at issue were not manufactured, authorized, or sponsored by NTN and NTN has no way of insuring the quality of the goods sold by Defendant. As such, consumers will be confused and/or disappointed by the differences between the counterfeit bearings and the genuine bearings manufactured and sold by NTN. Additionally, Defendants' sale, distribution and/or advertising of the counterfeit NTN Bearings is likely to cause confusion among consumers regarding NTN's sponsorship or approval of the counterfeit NTN Bearings. As a result, NTN is suffering a loss of the goodwill it has created in the NTN Bearings and is losing profits from lost sales of genuine products.

29. Defendants have used identical NTN marks on counterfeit bearings with actual knowledge of NTN's distinctive NTN Marks, and with the intent to trade and capitalize on the goodwill generated by the NTN Marks.

30. All of the foregoing acts of Defendants have caused, and unless restrained by this Court, will continue to cause serious and irreparable injury for which NTN has no adequate remedy at law.

31. On August 13, 2013, NTN filed a lawsuit against Defendants in the United States District Court for the Western District of North Carolina, Civil Action No. 3:13-cv-461, alleging: (1) trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114; (2) unfair competition in violation of the Lanham Act, 15 U.S.C. 1125(a); (3) unlawful importation in violation of the Lanham Act, 15 U.S.C. § 1124; (4) unlawful importation under the Tariff Act, 19 U.S.C. § 1526(a); (5) unfair competition in violation of North Carolina common law; and (6) unfair business practices in violation of the North Carolina Unfair Business Practices Act, N.C.G.S §75-1.1. NTN also moved for a temporary restraining order against Defendants, among other filings.

32. On August 14, 2013, the Court granted NTN's motion for a temporary restraining order against Defendants.

33. On August 27, Plaintiffs posted with the Clerk of Court for the Western District of North Carolina a $2,500 security bond (the "Bond") pursuant to the Court's Amended Ex Parte Seizure Order entered August 22, 2013.

34. On September 16, pursuant to a Court Order dated September 9, 2013, counsel for NTN, with the assistance of the United States Marshals Service, seized numerous counterfeit NTN Bearings from the residence of Steve Thomas (630 Woodlark Lane, Charlotte, North Carolina, 28211), together with related documentation and related electronic records.

35. The NTN Marks are valid, subsisting and in full force and effect.

36. Defendants' use, importation, advertisement, promotion, distribution, sale and/or offer of counterfeit NTN Bearings constitutes federal trademark counterfeiting, federal trademark infringement, federal and state unfair competition, unlawful importation, state unfair competition and unfair business practices.

37. Defendants shall not challenge the validity of the NTN Marks, or object to NTN's applications to register or registrations for the NTN Marks.

38. Defendants shall immediately cease and are hereby permanently enjoined from:

    a. using, advertising, promoting, distributing selling and/or offering to sell within the United States, or importing into the United States, NTN Bearings, or any bearings that are confusingly similar to NTN Bearings;

    b. using, advertising, promoting, distributing, selling and/or offering any counterfeit and/or materially altered NTN Bearings;

    c. representing to customers or potential customers that Defendants are authorized NTN distributors, or using any other phrase or terminology that connotes the same meaning; and/or

    d. making any confusingly similar, misleading or otherwise inappropriate use of any trademark, service mark or trade dress of NTN, including the NTN Marks, and/or any false or misleading statements with respect to any of NTN bearings.

39. Defendants' conduct described herein and in the Complaint has caused loss of the goodwill established by NTN in the NTN Marks, and NTN's business reputation.

40. Any and all web sites, Internet advertisements or other promotional materials offering NTN Bearings and operated by the Defendants shall be immediately removed, and Defendants shall not post said web sites, Internet advertisements or other promotional materials in the future.

41. Within 10 days of the effective date of the Settlement Agreement, Defendants are ordered to provide NTN with the following information, in writing:

    a. the names and contact information (including but not limited to phone numbers, web addresses, email addresses and addresses) of all entities from which Defendants have acquired or imported counterfeit NTN Bearings, and provide all relevant documentation including but not limited to copies of correspondence with suppliers, copies of invoices, copies of purchase orders, etc.;

    b. the names and contact information (including but not limited to phone numbers, web addresses, email addresses and addresses) of all entities that Defendants have distributed and/or sold counterfeit NTN Bearings, and provide all relevant documentation including but not limited to copies of correspondence with purchasers and potential purchasers, copies of invoices, customer lists, relevant financial records, copies of purchase orders, etc.;

42. Within 10 days of the effective date of the Settlement Agreement, Defendants are ordered to provide NTN with any remaining counterfeit NTN Bearings currently in his possession or control;

43. Defendants' violation of NTN's rights in its intellectual property, including any violation of this Consent Judgment or the Settlement Agreement would result in irreparable harm to NTN. Any such violation warrants an award of injunctive relief, including a temporary restraining order and/or a preliminary injunction, specific performance, and damages including costs, attorney's fees, and disgorgement of all profits in an amount not less than $50,000 for each such violation, upon Court order after notice and hearing.

44. Subject to the preceding Paragraph, each party shall bear its own costs and expenses including, but not limited to, attorney's fees, related to the subject matter of this Action.

45. This Consent Judgment shall inure to the benefit of and shall be binding upon and effective as against the parties, all of their employees, agents, representatives, attorneys, shareholders, officers, directors, partners, affiliates, successors, assigns, heirs, subsidiaries, licensees and/or related entities, and all those in active concert or participation with them.

46. Plaintiffs' Complaint is hereby dismissed, with prejudice.

47. Plaintiffs' Bond in the amount of $2,500, posted on August 27, 2013, is hereby released, and the Clerk of Court is directed to return said $2,500 Bond to the Plaintiffs or Plaintiffs' counsel.

SO ENTERED:

22 Nov, 2013

Graham C. Mullen
UNITED STATES SENIOR DISTRICT JUDGE

The parties hereby consent to the entry of the foregoing Consent Judgment and decree and waive any and all right to appeal.

NTN BEARING CORPORATION OF AMERICA
NTN BEARING CORPORATION OF AMERICA

Dated: 11/20/13

By: *[signature]*

Its: CORPORATE Counsel

STEVE THOMAS, INDIVIDUALLY AND AMERICA EUROPA, INC. AND AMERICA EUROPA II, INC. D/B/A AE INC.

Dated: 11-22-13

By: *[signature]*, Individually

Its: President, America Europa, Inc.

By: *[signature]*
Witness

By: [signature]
John C. Nipp (Bar No. 23406)
jnipp@ahpapatent.com
Justin A. Jernigan (No. 38920)
jjernigan@ahpapatent.com
ADDITON, HIGGINS,
PENDLETON & ASHE, P.A.
11610 North Community House Rd.
Suite 200
Charlotte, North Carolina 28277-2199
Telephone: (704) 945-6710
Facsimile: (704) 945-6735

Allen R. Baum
BRINKS HOFER GILSON & LIONE
Research Triangle Park Area Office
4721 Emperor Blvd, Suite 220
Durham, North Carolina 27703-8579
Telephone: (919) 998-5700
Fax: (919) 998-5701

Howard S. Michael (*pro hac vice*)
Joshua S. Frick (*pro hac vice* pending)
BRINKS HOFER GILSON & LIONE
NBC Tower - Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611
Telephone: (312) 321-4200
Fax: (312) 321-4299

Attorneys for Plaintiffs NTN
Corporation and NTN Bearing
Corporation of America

By: [signature]
Edward D. Seltzer
128 North McDowell St., Suite C
Charlotte, NC 28204
Ph: 704-344-8226
Fax: 704-331-0503

13